### In re NICKERSON.

(District Court, D. Massachusetts. March 29, 1922.)

No. 29114.

1. **Bankruptcy ⟺98—Referee's findings on unreported evidence are conclusive, unless plainly wrong.**

Where the evidence is not reported, the findings of the referee are conclusive, unless plainly wrong on the face of his report; but, in so far as such findings are merely inferences from facts stated, they carry much less weight.

2. **Bankruptcy ⟺58—Intent to prefer essential to make preference an act of bankruptcy.**

The giving of a mortgage for a past debt and a present additional consideration covering practically all the assets of one who knew he was in-

⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

solvent was not an act of bankruptcy, unless made with an intent to prefer, as required by Bankruptcy Act, § 3 (Comp. St. § 9587).

**3. Bankruptcy ⟷58—Mortgage sufficient to secure existing debt is "act of bankruptcy," notwithstanding desire to make new loan.**

Where an insolvent person gave to a creditor a mortgage covering substantially all his property, which was sufficient to secure, not only a new loan made by the creditor, but also the creditor's existing claim, the fact that the mortgagor's desire was to secure the additional loan does not prevent the mortgage from being an act of bankruptcy, since motive and intent in such a case are quite different things.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy.]

**4. Bankruptcy ⟷58—New loan of 50 per cent. of value of mortgaged chattels not necessarily a preference.**

Where a new loan to an insolvent person amounted to 50 per cent. of the value of chattels mortgaged to secure that loan and an existing debt to the mortgagee, the ratio between the value of the chattels mortgaged and the new loan was not such as necessarily to establish a preference, because obviously resulting in an excess of security applicable to the old debt.

In Bankruptcy. Involuntary proceedings against Dean E. Nickerson, alleged bankrupt. On review of the report of the referee. Report confirmed, and petition dismissed.

David J. O'Connell, of Boston, Mass., for petitioners.
Stanley P. Hall, of Taunton, Mass., for respondent.

MORTON, District Judge. [1] The single act of bankruptcy relied on by the petitioning creditors, which is alleged in the petition both as a preference and a conveyance in fraud of creditors, was a mortgage of personal property from the respondent to one Lipsky, dated April 13, 1921, for $1,960. Nickerson was insolvent at the time. There was evidence offered by the petitioner that the mortgage was fraudulent as to $1,000, and a preference as to the balance; but the learned referee regarded it as outweighed by other evidence, and found that the mortgage was given for a present advance of $1,000 and a past indebtedness amounting to $960, and that there was no intent to prefer. As the evidence is not reported, his findings upon it are conclusive, unless plainly wrong on the face of his report. In so far as his findings are merely inferences from facts stated, they carry much less weight.

[2] It is urged by the petitioning creditors that, notwithstanding the referee's conclusions to the contrary, a preference and an intent to prefer are established by the facts stated. The mortgage was given for a past debt and a present consideration by one who knew that he was insolvent, and it covered practically all his assets. Nevertheless it was not an act of bankruptcy, unless made with "an intent to prefer." Bankruptcy Act, § 3 (Comp. St. § 9587). Such intent is an essential fact. In re Freeman Cotting Coat Co. (D. C.) 212 Fed. 548; In re Bloomberg (D. C.) 253 Fed. 94; Collier (12th Ed.) p. 102. It may be proved by evidence which shows that it was actually in the mind of the person making the conveyance, or it may be inferred on familiar principles of law, if the obvious result of the conveyance from the point of

view of the mortgagor would be to prefer the recipient over other creditors.

[3, 4] Even if, as the referee finds, Nickerson was influenced to make the mortgage solely by his desire to obtain the new loan, it would nevertheless be an act of bankruptcy, if he then knew that the property mortgaged would suffice, not merely to pay the new loan, but also to furnish a balance applicable to the old debt. There are times, and this is one of them when motive and intent are quite different things. The mortgaged property consisted of incubators and other personal property used on a small poultry farm. The referee finds a fair value of it to have been about $2,000. By statute, savings banks in this state are not permitted to loan more than 60 per cent. of the value of real estate, yet it is well known that on many foreclosures the bank has to bid the property in. The new loan of 50 per cent. of the value of such property as was mortgaged to secure it seems to me not a transaction which would so obviously result in an excess of security applicable to the old debt, that Nickerson must have understood and believed that to be the fact when he gave the mortgage.

Upon the case as presented to me, I should be inclined to doubt whether there had been any present loan of $1,000, and, even if there had, to say, in view of the facts that the old debt was included and the amount of security was certainly ample for the new loan, and covered all the assets of the mortgagor, that there was an actual intent to prefer. But the learned referee, who saw the witnesses and was in a much better position than I am to judge the truth, found otherwise; and I cannot say that he was clearly wrong.

Report confirmed.

Petition dismissed, but without costs.